UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br>　　Petitioner,<br>　v.<br>JIM ROBERTSON, Warden,<br>　　Respondent. | Case No. 18-cv-01877-HSG (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 6, 11, 12 |

**INTRODUCTION**

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court are Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 6), and his two motions for appointment of counsel (Dkt. Nos. 11 and 12). For the reasons stated below, Respondent is ordered to show cause why the petition should not be granted; and Petitioner's motions for leave to proceed *in forma pauperis* and for appointment of counsel are DENIED.

**BACKGROUND**

According to the petition, on or about June 3, 2016, Petitioner was convicted by a San Mateo County jury of kidnapping in the commission of a carjacking. He was sentenced to 21 years and 8 months to life in state prison. In 2017, the California Court of Appeal affirmed his conviction, and the California Supreme Court denied his petition for review. The instant action was filed on March 27, 2018.

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims that: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) the trial court erred in instructing the jury that they could consider evidence of the uncharged prior act of robbery for the purpose of deciding whether Petitioner had a plan or scheme to commit the underlying offenses; and (3) the trial court erred in admitting evidence of the prior uncharged act of robbery to show such plan or scheme.  Petitioner's three claims appear to be part of the same claim, but be that as it may, his petition states cognizable grounds for federal habeas relief.

**C.  Pending Motions**

**1.  Motion for Leave to Proceed *In Forma Pauperis***

Petitioner seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Petitioner has submitted a Certificate of Funds, signed by an authorized officer that indicates that Petitioner had an average monthly balance of $198.14 and an average monthly deposit of $108.34 in his inmate trust account for the six months preceding the filing of his IFP application. *See* Dkt. No. 6 at 6.  Accordingly, Petitioner's motion for leave to proceed *in forma pauperis* is DENIED.  Petitioner must pay the $5.00 filing fee.

**2.  Motion to Appoint Counsel**

Petitioner has filed two motions to appoint counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Unless an evidentiary hearing is required, the decision to appoint counsel is

within the discretion of the district court. *See Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. At this early stage of the proceedings, the Court is unable to determine whether the appointment of counsel is warranted. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's requests are DENIED without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

**CONCLUSION**

For the foregoing reasons,

1. Petitioner's *in forma pauperis* application is DENIED. Petitioner must pay the $5.00 filing fee for this habeas action no later than **twenty-eight (28)** days of the date of this order. **The failure to pay the filing fee within the twenty-eight-day deadline will result in dismissal of this action without prejudice.**

2. Petitioner's motions for appointment of counsel are DENIED.

3. The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

Governing Section 2254 Cases.  If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. Nos. 6, 11, and 12.

**IT IS SO ORDERED.**

Dated: 7/3/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge