UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS, Petitioner, v. JIM ROBERTSON, Warden, Respondent. | Case No. 18-cv-01877-HSG (PR)<br><br>**ORDER GRANTING MOTION TO AMEND; DIRECTING PETITIONER TO FILE SECOND AMENDED PETITION**<br><br>Re: Dkt. No. 25 |

**INTRODUCTION**

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 3, 2018, the Court found that the petition stated three cognizable claims and directed respondent to show cause why the petition should not be granted.

On July 6, 2018, petitioner filed a second action for writ of habeas corpus, *Cisneros v. California*, Case No. 18-cv-4049 HSG. As required by Ninth Circuit precedent, *see Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008), this Court construed the filing in Case No. 18-cv-4049 to be a motion to amend the petition in the present action (i.e., in Case No. 18-cv-1877). This Court thus dismissed Case No. 18-cv-4049, and directed the Clerk to place a copy of the petition from Case No. 18-cv-4049 in the docket for Case No. 18-cv-1877, where it would be treated as a motion for leave to amend the petition in Case No. 18-cv-1877. This order grants the motion for leave to amend and sets a schedule for petitioner to file a second amended petition.

**DISCUSSION**

Transforming the petition from Case No. 18-cv-4049 into a motion to amend in Case No. 18-cv-1877, as required to by *Woods*, leads to a rather confused state of the pleadings. This is so because the claims in the two actions are different and the general rule is that a later pleading

supersedes an earlier pleading. Adding to the confusion is the fact that the three claims in 18-cv-1877 appear to be variations of the same claim, i.e., that the trial court erred in admitting evidence of a prior uncharged act of robbery. The two claims in 18-cv-4049 also appear to repeat each other and are difficult to understand. Quite simply, the Court is uncertain as to exactly what claims for habeas relief petitioner wants to present to this Court. In order to clarify the situation, petitioner must file a second amended petition that contains *all* of the claims for habeas relief he wants to present to this Court. He will be able to prepare that second amended petition knowing that this is the one and only action in which he will be able to seek federal habeas relief and therefore his second amended petition must contain all of his claims. Once he files that second amended petition, the Court will review it pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner is advised that he must list his claims clearly and concisely on the court's habeas form or on a limited number of attached pages if more room is necessary. He must clearly number and label each claim as "Claim One", "Claim Two," etc., particularly if he includes claims on pages attached to the form petition. Each claim must concisely and clearly assert a separate violation of federal law, and include a brief explanation as to how the violation occurred. In the interest of clarity, it is recommended that petitioner provide his supporting facts and argument immediately after each claim rather than directing the reader to a separate document. Petitioner may not include every argument or issue as a separate claim. Rather, each claim must identify what constitutional right was violated.

**CONCLUSION**

For the foregoing reasons, petitioner's motion for leave to amend is GRANTED. Within **thirty-five (35)** days of this order, petitioner must file a second amended petition containing all of the claims for habeas relief that he wants this Court to consider. Any claim not contained in that second amended petition will be deemed abandoned.

The briefing schedule for respondent's answer set forth in the Court's July 3, 2018 order is VACATED. The Court will set a new briefing schedule after reviewing the second amended petition.

1     Petitioner is reminded that the Court's July 3, 2018 order denied his application to proceed *in forma pauperis* and directed petitioner to pay the $5.00 filing fee by July 31, 2018. The Court *sua sponte* GRANTS petitioner an extension of time to **August 31, 2018** to pay the $5.00 filing fee. **The failure to pay the filing fee by the deadline will result in dismissal of this action without prejudice and without further notice to petitioner.**

    The Clerk of the Court shall send petitioner a blank habeas corpus form along with a copy of this order.

    This order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: 8/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge