UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. CISNEROS,

Petitioner,

v.

JIM ROBERTSON, Warden,

Respondent.

Case No. 18-cv-01877-HSG (PR)

**SECOND ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 3, 2018, the Court found that the petition stated three cognizable claims and directed Respondent to show cause why the petition should not be granted.

On July 6, 2018, Petitioner filed a second action for writ of habeas corpus, *Cisneros v. California*, Case No. 18-cv-4049 HSG. As required by Ninth Circuit precedent, *see Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008), this Court construed the filing in Case No. 18-cv-4049 to be a motion to amend the petition in the present action (i.e., in Case No. 18-cv-1877). This Court thus dismissed Case No. 18-cv-4049, and directed the Clerk to place a copy of the petition from Case No. 18-cv-4049 in the docket for Case No. 18-cv-1877, where it would be treated as a motion for leave to amend the petition in Case No. 18-cv-1877.

On August 7, 2018, the Court granted the motion to amend. The Court noted, however, that the claims in the two actions were different and directed Petitioner to file a second amended petition ("SAP") containing *all* of the claims for habeas relief he wants to present to this Court. Petitioner has filed his SAP (dkt. no. 32), which is before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

# BACKGROUND

According to the SAP, on or about June 3, 2016, Petitioner was convicted by a San Mateo County jury of kidnapping in the commission of a carjacking. He was sentenced to 21 years and 8 months to life in state prison. In 2017, the California Court of Appeal affirmed his conviction, and the California Supreme Court denied his petition for review.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

# CONCLUSION

For the foregoing reasons,

1. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and

2

that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

2. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 10/23/2018

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge