United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br><br>Petitioner,<br><br>v.<br><br>JIM ROBERTSON,<br><br>Respondent. | Case No. 18-cv-01877-HSG<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE SECOND AMENDED PETITION; DENYING AS MOOT REQUEST TO CONSOLIDATE CASES; GRANTING LEAVE TO FILE SURREPLY**<br><br>Re: Dkt. Nos. 52, 54 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2016 conviction in San Mateo County Superior Court. Dkt. No. 1; Dkt. No. 32. Petitioner has requested leave to file a second amended petition and requested that the Court consolidate cases. Dkt. Nos. 52, 54. For the reasons set forth below, the request for leave to file a second amended petition is DENIED as unnecessary; the request to consolidate cases is DENIED as moot; Petitioner is granted leave to file a sur-reply; and Dkt. No. 54 will be construed as a sur-reply opposing Respondent's motion to dismiss.

**DISCUSSION**

**I.  Procedural History**

The instant habeas action was filed on March 27, 2018. Dkt. No. 1. On August 7, 2018, the Court granted Petitioner leave to amend the petition. Dkt. No. 27. On August 17, 2018, Petitioner filed an amended petition. Dkt. No. 32. Per order filed October 23, 2018, the Court found that the amended petition stated the following cognizable claims: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. *See* Dkt. No. 37. Respondent has filed a

motion to dismiss the petition for failure to exhaust state remedies. Dkt. No. 42.

On May 14, 2019, Petitioner filed a separate habeas petition in this court challenging the same conviction on the same grounds. *See Cisneros v. Roberston*, Case No. 3:19-cv-2606 HSG (PR) ("*Cisneros II*"). The Court administratively closed *Cisneros II* and directed the Clerk to file the petition in *Cisneros II* in this action and construe the petition as a request for leave to file a second amended petition.[1] *See Cisneros II*, Dkt. No. 16.

## II. Request for Leave to File a Second Amended Petition

In the operative habeas petition in this current action, Petitioner alleges that : (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. *See* Dkt. No. 37. The habeas petition filed in *Cisneros II* again raises the same claims but attaches an Order of Denial entered by the San Mateo Superior County Court on April 15, 2019. *See* Dkt. No. 54. The Order of Denial denies on the merits a state habeas petition filed by Petitioner on February 1, 2019, which raised the three claims alleged in both this instant federal habeas action and in *Cisneros II*. *See* Dkt. No. 53. The habeas petition in *Cisneros II* has been filed in this action and construed as a request for leave to amend the petition. *See Cisneros II*, Dkt. No. 16.

Petitioner's request for leave to file a second amended petition will be DENIED as unnecessary. The *Cisneros II* petition does not amend the amended petition in any way in that it does not allege new claims. Rather, Petitioner seeks to file the *Cisneros II* petition to show that he has exhausted state remedies. *See* Dkt. No. 52. Accordingly, the Court construes the request for leave to file a second amended petition as a request for leave to file a sur-reply opposing Respondent's motion to dismiss, grants Petitioner leave to file a sur-reply, construes Dkt. No. 54 as a sur-reply opposing Respondent's motion to dismiss, and will consider this sur-reply / petition in deciding the motion to dismiss.

---

[1] When a *pro se* petitioner files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition. *Woods v. Carey*, 525 F.3d 886, 887–90 (9th Cir. 2008).

### III. Request to Consolidate Cases

Petitioner has requested the Court "consolidate" the instant action with *Cisneros II* and consider the evidence filed in *Cisneros II* as evidence that he has exhausted his state remedies. Dkt. No. 52. This request is DENIED as moot. *Cisneros II* has been administratively closed and the petition in *Cisneros II* has been filed in the instant action as a request for leave to file a second amended petition; and the Court has construed the *Cisneros II* petition as a sur-reply opposing Respondent's motion to dismiss, and will consider this sur-reply / petition in deciding the motion to dismiss.

### CONCLUSION

For the foregoing reasons, Petitioner's request for leave to file a second amended petition is DENIED as unnecessary (Dkt. No. 54), and Petitioner's request to consolidate the instant action with *Cisneros II* is DENIED as moot (Dkt. No. 52). The Court construes the request for leave to file a second amended petition as a request for leave to file a sur-reply opposing Respondent's motion to dismiss, grants Petitioner leave to file a sur-reply, construes Dkt. No. 54 as a sur-reply opposing Respondent's motion to dismiss, and will consider this sur-reply / petition in deciding the motion to dismiss.

This order terminates Dkt. Nos. 52 and 54.

**IT IS SO ORDERED.**

Dated: 9/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge