UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br>Petitioner,<br>v.<br>JIM ROBERTSON,<br>Respondent. | Case No. 18-cv-01877-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES; DENYING REMAINING PENDING MOTIONS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 42 |

**INTRODUCTION**

Petitioner, a state prisoner presently incarcerated in Pelican Bay State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the amended petition for failure to exhaust state remedies, Petitioner has filed an opposition, Respondent has filed a reply, and Petitioner has filed a sur-reply. Dkt. Nos. 42, 44–47, 54. For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

**DISCUSSION**

**A.  Procedural History**

In February 2016, a San Mateo County jury found Petitioner guilty of kidnapping in the commission of a carjacking, theft of another vehicle, resisting arrest, driving recklessly while trying to evade a police officer and "hit and run" driving. Petitioner was sentenced to an aggregate term of 21 years and 8 months to life in state prison. *People v. Cisneros*, C No. A148582, 2017 WL 4416819, at *1.

Petitioner appealed his conviction on the ground that the trial court abused its discretion and violated state law in admitting evidence of his prior 2012 robbery to prove a common plan of

robbing motorists at knife point. *Cisneros*, 2017 WL 4416819. On October 5, 2017, the state appellate court affirmed the conviction. *Id.* On November 13, 2017, Petitioner filed a petition for review in the California Supreme Court, again arguing that the trial court committed reversible error and violated California state law when it admitted evidence of his uncharged 2012 robbery. Ex. B.[1] On December 20, 2017, the California Supreme Court summarily denied review. Ex. C.

On March 27, 2018, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. Dkt. No. 1. On August 7, 2018, the Court granted Petitioner leave to amend the petition. Dkt. No. 27. On August 17, 2018, Petitioner filed an amended petition. Dkt. No. 32. Per order filed October 23, 2018, the Court found that the amended petition stated the following cognizable claims: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. *See* Dkt. No. 37. On February 1, 2019, Petitioner filed a habeas petition in Santa Clara County Superior Court, raising these three claims. *See* Dkt. No. 53. On April 15, 2019, the Santa Clara County Superior Court denied the state habeas petition, finding that the claims failed to state a prima facie case for relief. *Id.*

## B.     Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted). A federal district court must dismiss a federal habeas petition containing any claim as to which state

---

[1] All references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.

2

remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts. *Picard*, 404 U.S. at 275. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see, e.g., Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005) (finding federal due process claim based on prosecutorial misconduct fairly presented where text of brief cited Fifth and Fourteenth Amendments and federal cases concerning alleged violation of federal due process rights in context of prosecutorial misconduct).

**C.  Analysis**

Respondent argues that the claims raised in the amended petition are unexhausted because none of them were presented to the California Supreme Court. Respondent further argues that the only claim presented to the California Supreme Court — that the trial court committed reversible error and violated California state law when it admitted evidence of Petitioner's uncharged 2012 robbery — is not raised in the amended petition and is not cognizable in federal habeas because it alleges state law error. Dkt. No. 42.

Petitioner argues that his claims are exhausted for the following reasons: his state appellate attorney was appointed to handle his case up through the California Supreme Court; his state appellate attorney filed a petition for review for him in the California Supreme Court; the California Supreme Court's denial of a petition of review triggered the one-year deadline for filing a federal habeas petition; and his opening appellate brief and reply appellate brief both argued that it was error to allow evidence of the 2012 uncharged robbery, and that the alleged purpose for admitting the 2012 uncharged robbery was inconsistent with the jury instructions given. Dkt. No. 46. Liberally construed, Petitioner's sur-reply argues that he exhausted his claims on April 15, 2019 when he received the order of denial from the San Mateo County Superior Court. Dkt. No. 53.

3

1    The Court has compared the amended petition (Dkt. No. 32) with the petition for review filed in the California Supreme Court (Ex. B) to determine whether the claims in the amended federal petition were presented to the California Supreme Court. They were not.

The petition for review only challenges the admission of the uncharged 2012 robbery as a violation of state law. The petition for review does not raise the claim that there was insufficient evidence to support the conviction for kidnapping in the commission of a carjacking (Claim No. 2) or the claim that the trial court erred in instructing with CALCRIM 376 (Claim No. 3). *See* Ex. B.

With respect to Claim No. 1, while both Claim No. 1 in the amended petition and the claim raised in the petition for review arise out of the same facts, namely the admission of the uncharged 2012 robbery, the two claims are distinct in that the claim presented to the California Supreme Court was solely a claim of state law error, and the Court liberally construed Claim No. 1 as a claim of federal constitutional error. In the petition for review, Petitioner solely cited to California caselaw in arguing that the trial court erred in admitting his 2012 uncharged robbery. The California caselaw cited analyzed the admission of the evidence according to state law and, in some cases, expressly declined to apply the federal prejudice standard set forth in *Chapman v. California*, 386 U.S. 18 (1967), instead applying the state-law standard of review set forth in *People v. Watson*, 46 Cal.2d 818, 836 (Cal. 1956). *See*, *e.g.*, Ex. B at 15 (citing to *People v. Wilkins*, 56 Cal. 4th 333, 348–51 (Cal. 2013), which applied the *Watson* standard).

The evidentiary error claim presented in the petition for review before the California Supreme Court solely argued state law error and therefore did not fairly present a claim of evidentiary error in violation of the federal Due Process Clause's guarantee of a fair trial. *See, e.g., Hiivala v. Wood*, 195 F.3d 1098, 1106–07 (9th Cir. 1999) (insufficiency of the evidence claim not mentioning federal Due Process Clause, the Fourteenth Amendment or federal case law did not fairly present the issue to state court); *Keating v. Hood*, 133 F.3d 1240, 1241–42 (9th Cir. 1998) (claim not exhausted when state supreme court petition for review did not argue a violation of "U.S. Constitution"). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. Furthermore, a petitioner does not exhaust all possible claims

4

stemming from a common set of facts merely by raising one specific claim. *See Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) (mere submission of a relevant affidavit to state court not sufficient to place that court on notice of all potential constitutional challenges stemming from that affidavit) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1046–48 (9th Cir. 2003) (holding that even though factual basis for claim was submitted to state court, claim itself was not fairly presented to that court because facts were used exclusively to support another claim)). As discussed *supra*, state courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan*, 513 U.S. at 365–66 (1995); *see, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (characterizing *Picard* as requiring "reference to a specific federal constitutional guarantee" in state court; presentation of facts underlying claim not sufficient). Accordingly, the petition for review's claim that the admission of the uncharged 2012 robbery violated state law did not exhaust Petitioner's claim that the admission of the uncharged 2012 robbery violated the Due Process Clause of the federal constitution.

Petitioner's arguments misunderstand the exhaustion requirement and the letters written by his state appellate attorney. The exhaustion requirement requires petitioners seeking federal habeas relief to provide the highest state court available an opportunity to rule on the merits of their federal habeas claims. *See* 28 U.S.C. § 2254(b)–(c); *Rose*, 455 U.S. at 515–16. Applied to the amended petition, the exhaustion requirement requires Petitioner to have submitted the claims in the amended petition to the California Supreme Court, whether in a petition for review or a state habeas petition, before this Court may consider his claims. The critical issue is whether the claims were presented to the California Supreme Court, and here they were not. That the scope of an attorney's appointment included handling the case before the California Supreme Court and that a petition for review was filed does not render claims exhausted unless those claims were actually presented to the California Supreme Court.[2] Petitioner argues that he presented his instructional

---

[2] Petitioner's appellate attorney clearly explained to Petitioner that he did not raise all of Petitioner's potential claims in the petition for review, and that Petitioner would need to raise these claims himself in a state habeas petition:
    If the petition [for review] is denied, the one-year deadline for the filing of a

1 error claim in his reply brief in support of his appeal. The reply brief does not argue that there was

2 instructional error; rather, it argues that the Respondent's appellate argument relied on a theory

3 that was inconsistent with the theory on which the trial court admitted the evidence and instructed

4 the jury. Dkt. No. 46 at 6. Regardless, presenting the instructional error claim on appeal would

5 not meet the exhaustion requirement because the exhaustion requirement requires that the claim be

6 presented to the state's highest court, which is the California Supreme Court. For the same reason,

7 Petitioner's 2019 habeas petition raising his claims to the San Mateo County Superior Court also

8 fails to exhaust his state remedies. As explained *supra*, the claims must be presented to the state's

9 highest court, which is the California Supreme Court.

Because the amended petition contains only unexhausted claims and there is nothing in the record indicating that the failure to exhaust should be excused, the Court must dismiss the petition. *See Rose*, 455 U.S. at 510.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss for failure to exhaust state remedies is GRANTED. Dkt. No. 42. The amended petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies by presenting his claims to the California Supreme Court.

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

---

petition for writ of habeas corpus **in federal court** will begin go run. However, you are not entitled to appointed counsel for the filing of a federal petition. If you want to file a petition in federal court, you will have to file it on your own, or hire an attorney to file it.
In the meantime, you will have to (sic) opportunity, if you want, to file a petition for writ of habeas corpus **in state court** raising any additional issues which you feel should be raised. This would include the potential issues like ineffective assistance of counsel that you have written to me about. As I wrote to you, I did not raise these issues because I did not believe there were legal grounds to raise them. However, you will have the opportunity to raise them on your own if you feel I was ineffective for not raising them on your behalf.

Dkt. No. 46 at 3 (emphasis in original).

U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

All pending motions are DENIED as moot.

**IT IS SO ORDERED.**

Dated: 9/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge