UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br>Petitioner,<br>v.<br>JIM ROBERTSON,<br>Respondent. | Case No. 18-cv-01877-HSG<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Dkt. No. 59 |

Petitioner, a state prisoner presently incarcerated in Pelican Bay State Prison, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 5, 2019, the Court dismissed the petition for failure to exhaust state court remedies without prejudice to petitioner returning to federal court after exhausting his state court remedies by presenting his claims to the California Supreme Court. Dkt. Nos. 57, 58. The Court denied a certificate of appealability and entered judgment in favor of respondent. *Id.*

Petitioner has filed a pleading titled "Opposition Argument for the Court to re[-]amend petition and not grant the dismissal base on defens[e] evidence presented significant probative value to the ruling of the motion dismissal of petition," which the Court construes as a motion seeking reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 59. For the following reasons, the Court DENIES the motion for reconsideration.

**DISCUSSION**

**I.  STANDARD**

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based on Rule 59(e) (motion to alter or amend judgment) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e).

> Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

## II. ANALYSIS

Petitioner argues that the Court committed clear error in dismissing his petition because the Court erroneously denied his request to amend the amended petition and the proposed second amended petition contained evidence that he had exhausted his state court remedies. Dkt. No. 59. The denial for petitioner's request for leave to file the proposed second amended petition was not clear error because (1) the Court properly denied the request to amend the amended petition on the grounds that no new claims were alleged, and (2) the Court construed the proposed second amended petition as a sur-reply and considered the sur-reply in deciding the motion to dismiss. Dkt. No. 55. In other words, the "evidence" presented in the sur-reply (proposed second amended petition) was considered by the Court. Moreover, the evidence in the sur-reply (proposed second amended petition) was not evidence that petitioner had exhausted his state court remedies. As part of the sur-reply, petitioner submitted the San Mateo County Superior Court's April 15, 2019, denial of his state habeas petition that raised the claims in the instant action. Dkt. No. 54 at 28-30. This denial does not exhaust the petitioner's state court remedies. Petitioner continues to misunderstand the exhaustion requirement. As explained in the Court's September 5, 2019 Order:

> The exhaustion requirement requires petitioners seeking federal habeas relief to provide the highest state court available an opportunity to rule on the merits of their federal habeas claims. *See* 28 U.S.C. § 2254(b)–(c); *Rose*, 455 U.S. at 515–16. Applied to the amended petition, the exhaustion requirement requires Petitioner to have submitted the claims in the amended petition to the California Supreme Court, whether in a petition for review or a state habeas petition, before this Court may consider his claims.

Dkt. No. 57 at 5. Because the record shows that petitioner has only presented the claims in the instant action to the San Mateo County Superior Court, and has not presented these claims to the California Supreme Court, the Court did not commit clear error in dismissing this action without prejudice to petitioner returning to federal court after exhausting his state court remedies by

2

presenting his claims to the California Supreme Court. Nor does the dismissal constitute manifest injustice. Petitioner may refile this action after he has exhausted his state court remedies by presenting his claims to the California Supreme Court.

## CONCLUSION

For the foregoing reasons, petitioner's request for reconsideration pursuant to Rule 59(e) of the dismissal without prejudice for failure to exhaust state remedies is DENIED.

This order terminates Dkt. No. 59. This case remains closed.

**IT IS SO ORDERED.**

Dated: 9/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge